IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| Kelly Aims | CASE NUMBER: 1:19-cv-1115 |
| Plaintiffs, | JUDGE: _____ |
| vs. | |
| Quicken Loans Inc.<br>c/o CT CORPORATION SYSTEM<br>4400 EASTON COMMONS WAY<br>SUITE 125<br>COLUMBUS OH 43219 | |
| Defendants. | |

**COMPLAINT FOR MONEY DAMAGES AND OTHER RELIEF**
**JURY DEMAND ENDORSED HEREIN**

The following allegations are based upon Plaintiff Kelly Aims ("Ms. Aims")' personal knowledge, the investigation of counsel, and information and belief. Ms. Aims, through counsel, alleges as follows:

**I. PRELIMINARY STATEMENT**

1. Ms. Aims had reason to believe that the servicer to her mortgage loan, Defendant Quicken Loans, Inc., ("QUICKEN"), had committed accounting errors, misapplied funds and charged excessive fees.

2. Ms. Aims sent QUICKEN a qualified written request ("QWR") regarding a notice of errors and request for information pertaining to the servicing of her mortgage loan.

3. QUICKEN failed to timely and adequately respond to Ms. Aims' qualified written request regarding a notice of errors and request for information pertaining to the servicing of her mortgage loan.

1

4. As a direct and proximate result of its failure to respond to Ms. Aims' inquiries, QUICKEN violated the Real Estate Settlement Procedures Act ("RESPA") and is liable to Ms. Aims for damages.

5. Ms. Aims institutes this action for actual damages, statutory damages, attorney fees, and the costs of this action for QUICKEN's multiple violations of RESPA at 12 U.S.C. § 2601, et seq.

## II. JURISDICTION

6. This Court has Federal Question jurisdiction over Count One pursuant to RESPA, 12 U.S.C. § 2614 and 28 U.S.C. §§ 1331 and 1337.

7. Venue is proper in the United States District Court for the Northern District of Ohio because all defendants conduct business in this District, and the acts which gave rise to this lawsuit occurred in this District, and averring further, the real property that is the subject of this action is situated in this District.

## III. FACTUAL ALLEGATIONS

8. Ms. Aims incorporates all other paragraphs in this Complaint by reference as though fully written here.

9. Each allegation against QUICKEN is also an allegation of action or inaction by the entity's agents, predecessors, successors, employees, contractors, assignees, and servicers, as appropriate.

10. Ms. Aims entered into a mortgage loan agreement on or about April 15, 2013.

11. The mortgage loan agreement was secured by the property located at 1270 Commonwealth Ave., Cleveland, Ohio 44124 Ms. Aims' primary residence at the time of the events subject of this complaint.

12. Defendant QUICKEN received scheduled loan payments from Plaintiff pursuant to the terms of the mortgage loan agreement.

## IV. FIRST COUNT - RESPA

13. Ms. Aims incorporates all other paragraphs in this Complaint by reference as though fully written here.

14. The mortgage loan was and is a federally related mortgage loan within the meaning of RESPA at 12 U.S.C. §§ 2605(i)(2) and 2602(1).

15. Ms. Aims is a natural person living within this Court's jurisdiction at 839 Basswood Ave., Canal Fulton, OH 44614.

16. Ms. Aims is a person within the meaning of RESPA at 12 U.S.C. § 2602(5) at all times relevant to the allegations herein.

17. QUICKEN is a corporation organized under the laws of the State of Michigan.

18. QUICKEN was the servicer of Ms. Aims' mortgage loan within the meaning of RESPA at 12 U.S.C. § 2605(i)(2) at all times relevant to the allegations herein.

19. QUICKEN provided servicing of Ms. Aims' mortgage loan within the meaning of RESPA at 12 U.S.C. § 2605(i)(3) at all times relevant to the allegations herein.

20. QUICKEN received periodic payments from Ms. Aims pursuant to the terms of the loan including; but not limited to, escrow, principal, interest, and other charges.

21. Servicing includes; but is not limited to collecting payments, maintaining an escrow account, paying property taxes, paying hazard insurance, responding to qualified written requests, enforcing lender rights, and reviewing loss mitigation options for the borrower.

22. Ms. Aims' mortgage loan is a federally related mortgage loan within the meaning of RESPA at 12 U.S.C. § 2602(1) et. seq, at all times relevant to the allegations herein.

23. QUICKEN's actions described herein constitute violations of RESPA at 12 U.S.C. §§ 2605(e) and 2605(k) and Regulation X at 12 CF.R. §§ 1024.35 and 1024.36.

24. QUICKEN received Ms. Aims' QWR on May 14, 2018.

25. QUICKEN failed to timely respond and provide Ms. Aims with the information sought in the QWR, in violation of RESPA at 12 U.S.C. § 2605(e)(2)(B), 12 U.S.C. § 2605(e)(2)(C) and 12 U.S.C. § 2605(k)(1)(D), and Regulation X at 12 C.F.R. § 1024.36(c), 12 C.F.R. § 1024.35(d), 12 C.F.R. § 1024.36(d)(1)(i) and 12 C.F.R. § 1024.36(d)(2)(i)(B).

26. QUICKEN was required to acknowledge receipt of Ms. Aims' QWR within five business days of receiving the QWR.

27. QUICKEN was required to acknowledge receipt of Ms. Aims' QWR on or before May 21, 2018.

28. QUICKEN did not acknowledge receipt of Ms. Aims' QWR within five business days of receiving the QWR.

29. By failing to acknowledge receipt of Ms. Aims' QWR within five business days of receiving the QWR, QUICKEN violated RESPA at 12 U.S.C. § 2605(e)(1)(A) and Regulation X at 12 C.F.R. §§ 1024.35(d) and 1024.36(c).

30. QUICKEN was required to provide Ms. Aims with the identity and contact information of the owner of Ms. Aims' Mortgage Loan within ten business days of receiving the QWR.

31. QUICKEN was required to provide Ms. Aims with the contact information and identity of the owner of Ms. Aims' Mortgage Loan on or before May 29, 2018.

32. QUICKEN failed to provide Ms. Aims with the contact information and identity of the owner of Ms. Aims' Mortgage Loan on or before May 29, 2018.

33. By failing to provide Ms. Aims with the contact information and identity of the owner of Ms. Aims' Mortgage Loan within ten business days, QUICKEN violated RESPA at 12 U.S.C. § 2605(k)(1)(D) and Regulation X at 12 C.F.R. § 1024.36(d)(2)(i)(A).

34. QUICKEN failed to provide Ms. Aims with the information sought in the QWR, in violation of RESPA at 12 U.S.C. §§ 2605(e)(2)(B) and 2605(e)(2)(C), and Regulation X at 12 C.F.R. §§ 1024.36(d)(1)(i) and 1024.36(d)(2)(i)(B).

35. QUICKEN failed to provide Ms. Aims an explanation of why the information Ms. Aims requested in the QWR is unavailable or cannot be obtained by QUICKEN, in violation of RESPA at 12 U.S.C. § 2605(e)(2)(C), and Regulation X at 12 C.F.R. § 1024.36(d)(1)(ii).

36. QUICKEN failed to provide Ms. Aims with the current physical location of the note.

37. QUICKEN failed to provide Ms. Aims with a copy of all appraisals completed for the mortgage loan.

38. QUICKEN failed to provide Ms. Aims with a payoff quote.

39. Quicken failed to provide Ms. Aims with a statement of the amount necessary to reinstate the loan.

40. QUICKEN failed to provide Ms. Aims an explanation of why the information Ms. Aims requested in the QWR is unavailable or cannot be obtained by QUICKEN, in

violation of RESPA at 12 U.S.C. § 2605(e)(2)(C), and Regulation X at 12 C.F.R. § 1024.36(d)(1)(ii).

41. QUICKEN failed to provide an explanation as to why QUICKEN failed to provide the requested documentation.

42. QUICKEN regularly fails to adequately respond to the requests of its borrowers.

43. QUICKEN failed to comply with the requirements of RESPA by failing to provide Ms. Aims with a timely response to the QWR, an adequate response to the QWR, failing to provide Ms. Aims with all the information requested in the QWR, and by failing to provide Ms. Aims with a written explanation of why QUICKEN did not provide the information requested in the QWR.

44. QUICKEN engaged in a pattern or practice of noncompliance with the requirements of RESPA.

45. Ms. Aims incurred $5.42 in postage and copies, and $525 in attorney's fees in preparing and sending the QWR to QUICKEN.

46. As a result of QUICKEN's actions, Ms. Aims was unable to properly evaluate if she could reinstate the loan, sell the property or refinance with another mortgage company leading to her incurring additional damages in the form of late fees, interest and lost opportunities to sell the house.

47. As a result of QUICKEN's actions, Ms. Aims suffered severe emotional distress, including anxiety, stress, and sleepless nights.

48. QUICKEN is liable to Ms. Aims under this Count for its RESPA violations in an amount equal to or greater than: statutory damages in excess of $2,000.00, actual damages for each of QUICKEN's violations of RESPA and Regulation X in excess of

$25,00.00, and the costs of this action and attorney's fees pursuant to 12 U.S.C. § 2605(f).

## VI. PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully prays that this Court:

A. Assume jurisdiction of Ms. Aims' claims;

B. Grant judgment in favor of Ms. Aims on his claims;

C. Grant Ms. Aims the maximum damages he seeks on his counts, including the maximum statutory damages available under each claim where statutory damages are available, and the maximum economic and non-economic damages available, including actual, emotional, general, punitive, and other damages;

D. Award Ms. Aims the costs of this litigation, including filing fees and costs;

E. Award Ms. Aims his attorney's fees;

F. Award such other relief as the court deems appropriate.


Dated this 17th day of May, 2019

                                  Respectfully Submitted,
                                  Horenstein, Nicholson, & Blumenthal LPA

                                  /s/ Perry C. Thompson
                                  Perry C. Thompson (0093694)
                                  *Counsel for Ms. Aims*
                                  124 E. Third St., Fifth Floor
                                  Dayton, OH  45402
                                  (937) 224-7200 PH; (937) 224-3353 FAX
                                  pct@hnb-law.com

## JURY TRIAL DEMANDED

Plaintiff Ms. Aims respectfully request a jury trial on all triable issues.

/s/ Perry C. Thompson
Perry C. Thompson (0093694)